UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDI TOMAS DE JESUS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>　　　　　Defendants. | No.  1:20-cv-01200-NONE-SKO<br><br>ORDER GRANTING UNOPPOSED MOTION TO DISMISS AND DIRECTING THE CLERK OF COURT TO SUBSTITUTE ALEJANDRO MAYORKAS IN AS THE DEFENDANT IN THIS ACTION IN PLACE OF CHAD D. WOLF<br><br>(Doc. No. 7) |

　　　　On August 25, 2020, plaintiff Fredi Tomas De Jesus filed the complaint commencing this lawsuit, seeking review of the denial of his application for adjustment of status pursuant to § 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255.  (Doc. No. 1.)  On October 25, 2020, defendants Chad D. Wolf, the former Acting Secretary of the Department of Homeland Security,[1] and Lynn Q. Feldman, Director of the Fresno field office of the United States Citizenship and Immigration Services, moved to dismiss this action.  (Doc. No. 7.)  Plaintiff failed to respond to

---

[1] Alejandro Mayorkas was sworn in as Secretary of the Department of Homeland Security on February 2, 2021.  The Clerk of the Court is directed to substitute Alejandro Mayorkas in as the defendant in this action in place of named defendant Wolf.  *See* Fed. R. Civ. P. 25(d) (when public officer ceases to hold office, "[t]he officer's successor is automatically substituted as a party" and "[t]he court may order substitution at any time").

1

1  the motion to dismiss or to otherwise communicate with the court since the filing of his complaint
2  in this action.  For the reasons set forth below, defendants' motion to dismiss will be granted.

## BACKGROUND

Plaintiff's complaint (Doc. No. 1) alleges as follows.  Plaintiff first entered the United States without inspection in March or April of 1998, when he was 15 years old.  (*Id*. at 4.)  Plaintiff remained in the United States for over three years before returning to Mexico in October of 2001.  (*Id*. at 7.)  Plaintiff then entered the United States a second time in March of 2002 by crossing the border without admission or parole by an immigration officer.  (*Id*. at 5, 8.)  Thereafter, he received a V-visa, and departed and returned to the United States without interview, admission, or parole on two more occasions.  (*Id*. at 5, 7, 8.)

On July 28, 2018, plaintiff filed an Application for Adjustment of Status to Lawful Permanent Residence based on a marriage to a U.S. citizen.  (*Id*. at 5–6.)  The application was denied on April 15, 2019 because plaintiff was found inadmissible under Immigration and Nationality Act § 212(a)(9)(C)(i)(I); 8 U.S.C. § 1182(a)(9)(C)(i)(I).  (*Id*. at 5, Ex. A.)[2]

Next, plaintiff filed a motion to reconsider/reopen with USCIS (Form I-290B).  (*Id*. at 5)  The motion was denied on August 6, 2019 on the same grounds.  (*Id*.)  In this action plaintiff seeks review of the denial of his application.

## SUBJECT-MATTER JURISDICTION

Although not by defendants in their pending motion, the court will address its subject-matter jurisdiction over this action *sua sponte*.  *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)).  The complaint's jurisdictional statement (Doc. No. 1 at 2) states that the court has subject-matter jurisdiction over this action, in part, under 5 U.S.C. § 701, which falls within the Administrative Procedure Act.  Under 5 U.S.C. § 704, courts may review a "final agency action for which there is no other adequate remedy in a court[.]"  Final determinations of applications for adjustment of status made by the United States Citizenship and Immigration Services ("USCIS") may be reviewed under that statute.  *See Mamigonian v. Biggs*, 710 F.3d 936, 941–42 (9th Cir. 2013) (where an alien sought adjustment-

---

[2]  Hereinafter, the court will refer to 8 U.S.C. § 1182(a)(9) as "§ 9."

2

of-status review from USCIS after marrying American citizen, "for a court to hear a case like this pursuant to the APA, there must be 'final agency action for which there is no other adequate remedy in a court'" (quoting 5 U.S.C. § 704)).

Here, plaintiff alleges he exhausted his administrative remedies and that defendants "issued a final decision, denying Plaintiff's application for Adjustment of Status." (Doc. No. 1 at 3.) Attached to plaintiff's complaint are letters from the USCIS to plaintiff, stating that it had denied his application for an adjustment of status and his motion for reconsideration thereof. (*Id.* at 17–35.) Given this preliminary review, it appears that the USCIS's action was final for present purposes. Defendants do not argue otherwise.

## LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citation omitted). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Naruto v. Slater*, 888 F.3d 418, 421 (9th Cir. 2018) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). However, the court need not accept as true allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*, 266 F.3d at 988 (citations omitted). Nor must the court "assume the truth of legal conclusions cast in the form of factual allegations." *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008) (citation omitted).

/////

# DISCUSSION

## A. Statutory Background

This case primarily concerns the construction of §§ 9(B) and 9(C). As noted above, plaintiff was determined to be inadmissible under § 9(C). As relevant here, and as explained in more detail below, aliens who are unlawfully present in the United States for more than one year, and who then enter the country again without being admitted, are inadmissible. § 9(**C**)(i)(I). Subparagraph (B) provides an exception to the definition of "unlawfully present" for certain minors. § 9(**B**)(iii). The central claim raised in plaintiff's complaint is whether the exception for minors set forth in subparagraph (B) applies to plaintiff, given that he was determined to be inadmissible under subparagraph (C).

Sections 9(B) and (C) provide as follows:

> (B) Aliens unlawfully present
>
> > **(i)** In general
> >
> > Any alien (other than an alien lawfully admitted for permanent residence) who--
> >
> > > [was unlawfully present in the United States in certain circumstances]
> >
> > is inadmissible.
> >
> > (ii) Construction of unlawful presence
> >
> > For purposes of this paragraph, an alien is deemed to be unlawfully present in the United States if the alien is present in the United States after the expiration of the period of stay authorized by the Attorney General or is present in the United States without being admitted or paroled.
> >
> > (iii) Exceptions
> >
> > > (I) Minors
> > >
> > > No period of time in which an alien is under 18 years of age shall be taken into account in determining the period of unlawful presence in the United States **under clause (i)**.[3]

\* \* \*

---

[3] Hereinafter, the court refers to the exception in this paragraph as the "minor exception."

>>> (v) Waiver

>>> The Attorney General has sole discretion to waive **clause (i)** [in irrelevant circumstances].

>> (C) Aliens unlawfully present after previous immigration violations

>>> (i) In general

>>> Any alien who--

>>>> (I) has been unlawfully present in the United States for an aggregate period of more than 1 year, . . .

>>> and who enters or attempts to reenter the United States without being admitted is inadmissible.

8 U.S.C. § 1182(a)(9) (certain paragraph breaks omitted) (emphases added).

    **B.**    **Analysis**

Defendant argues § 9(C)(i) controls here because plaintiff was unlawfully present for more than one year given that he admits in his complaint filed in this action that he entered this country without inspection in March or April 1998 at the age of 15 and left voluntarily three years later in October 2001. Plaintiff then "reenter[ed] the United States without being admitted" under § 9(C)(i) when he reentered the United States without inspection in early 2002.

Plaintiff alleges in the complaint that he was not "unlawfully present" for much of the time between his arrival in 1998 and his departure in October 2001, because he did not reach the age of majority (18) until May 4, 2001. (Doc. No. 1 at 7.) In advancing this claim, plaintiff contends that the minor exception set forth in § 9(**B**) applies to the period of time he was in the United States from March or April 1998 through May 4, 2001, when he turned 18. (*Id*. at 11–13.)

The undersigned addressed and ultimately rejected a materially identical argument in *Fierros v. Mayorkas*, No. 1:19-cv-01515-NONE-SKO, 2021 WL 3540218, at *3 (E.D. Cal. Aug. 11, 2021).[4] The court incorporates that ruling herein and adopts the same reasoning again. In sum, the minor exception set forth in § 9(B) does not extend to § 9(C). Therefore, the complaint

/////

---

[4] The parties agree that this case and *Fierros* are related cases under the standards of Local Rule 123(a)(3). (Doc. No. 6.)

5

in this case fails to advance any valid basis for reversing the denial of plaintiff's application for adjustment of status. Defendants' motion to dismiss will therefore be granted.

Because plaintiff did not respond to the motion to dismiss and has not set forth any basis upon which the court could find that leave to amend would be anything other than futile, leave to amend will not be granted.

**CONCLUSION**

Accordingly,

1. The Clerk of the Court is directed to substitute defendant Wolf with "Alejandro Mayorkas, Secretary of the Department of Homeland Security";
2. Defendants' motion to dismiss (Doc. No. 7) is granted; and
3. The Clerk of Court is directed to assign a district judge to this matter for the purposes of closure and then to CLOSE THIS CASE.

IT IS SO ORDERED.

Dated:   **October 15, 2021**                          _Dale A. Drozd_
                                                       UNITED STATES DISTRICT JUDGE

6